UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FABIAN T. MORRISON, | : |
| Plaintiff | : CIVIL ACTION NO. 3:16-1417 |
| v | : |
| KAREN E. ROCHLIN, et al., | : (JUDGE MANNION) |
| Defendants | : |

## MEMORANDUM

### I. Background

Plaintiff, Fabian T. Morrison, an inmate housed in the Federal Correctional Institution, Pollock, Louisiana, originally filed the above captioned federal civil rights action pursuant to 28 U.S.C. §1331, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 5, complaint). The named Defendants are located at either the Coleman Federal Correctional Complex ("FCC-Coleman"), Coleman, Florida, the United States Penitentiary Lewisburg ("USP-Lewisburg"), Pennsylvania or in Washington D.C. and/or the Central Office. Id.

By Order dated February 1, 2016, pursuant to 28 U.S.C. §1404(a)[1], the United States District Court for the Eastern District transferred the above

---

[1] Under 28 U.S.C. §1404(a), district courts may transfer a civil action to any district where the action might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."

captioned action to the Middle District (Doc. 27, Order), where it was received on July 18, 2016.[2] (Doc. 41).

Plaintiff names the following individuals as Defendants in the above captioned action:

**Defendants Related to FCI-Coleman**

| | |
|---|---|
| Karen E. Rochlin: | Criminal Assistant United States Attorney in Miami, Florida |
| Tamyra Jarvis: | FCC-Coleman Complex Warden |
| Jorge Pastrana: | Former Coleman Warden, Retired |
| John Flournoy: | FCI-Jesup Warden, Formerly Associate Warden at FCC-Coleman |
| Ganson McManus: | FCI-Herlong Associate Warden, Formerly at FCC-Coleman |
| Thomas Matthews: | FCI-Coleman- Medium Lieutenant |
| Nathaniel Bullock: | USP-Yazoo City Unit Manager, Formerly at FCC-Coleman |
| Erik Rickard: | USP-Florence ADMAX Complex Captain, Formerly Lieutenant at FCC-Coleman |
| Margaret Reherman: | FCI-Aliceville, Associate Warden, Formerly Unit Manager FCC-Coleman |
| Margaret Harris: | Former Case Manager at FCI-Coleman-Medium, Retired |
| Ebelia Carrero: | DHO at FCC-Coleman |

**Defendants Related to USP-Lewisburg**

| | |
|---|---|
| Jeff Thomas: | Former USP-Lewisburg Warden, Retired |

---

[2]The Court notes that Plaintiff filed an appeal of the Eastern District Court's transfer Order, which was dismissed for lack of jurisdiction by the United States Court of Appeals for the Third Circuit on June 20, 2016. (See Docs. 35, 38, 39, 40).

2

| | |
|---|---|
| Jeffrey Benfer: | USP-Lewisburg Lieutenant |
| Dave Knox: | Unit Manager, Retired |
| Charles Berkoski: | Case Manager |
| Matthew Edinger: | Correctional Counselor |
| Robert Marr: | Correctional Counselor |
| Robert Aderhold: | Correctional Counselor |
| J.L. Norwood: | Retired, Former NERO Regional Director |
| Angelo Jordan: | USP-Lewisburg DHO |

**Defendants Related to Washington D.C. and/or the Central Office**

| | |
|---|---|
| Glen A. Fine: | Acting Inspector General of the Department of Defense, previously served as IG of the USDOJ until January 2011 |
| Thomas McLaughlin: | Formerly in Office of the Inspector General |
| Mary Practice Brown: | Office of Professional Responsibility |
| Charles Samuels: | Former BOP Director-Retired |
| Harell Watts: | Retired Central Office Administrator of National Inmate Appeals. |

(Doc. 48-2, at 3, Declaration of Jonathan Kerr, Senior Consolidated Legal Center Attorney for USP-Lewisburg).

Plaintiff raises the following six claims within his complaint:

(1) On June 17, 2011, Plaintiff requested the Miami Dade Sheriff serve AUSA Karen E. Rochlin with a Petition seeking to amend inaccurate information allegedly located in his Central File and on July 6, 2011, is subsequently placed in the Special Housing Unit at FCI-Coleman-Medium.

(2) On July 12, 2011, at FCI-Coleman-Medium a Special Investigative Services technician planted a weapon within his lotion bottle and he was issued an incident report and sanctioned despite exculpatory fingerprint evidence. Harell Watts upholds sanction on appeal and refuses to turn over latent finger prints.

(3) Plaintiff composes letters to "offices of primary interest, appealing" the FCI Colman-Medium incident report to BOP Director Charles Samuels, Southeast Regional Director, Harell Watts, Inspector General Glen Fine, Assistant Inspector General Thomas F. McLaughlin, and Mary Practice Brown, Office of Professional Responsibility.

(4) On November 29, 2011, Plaintiff has an SMU hearing and is recommended for SMU placement by the Southeast Regional Director, with the final decision illegally designating him to a SMU made by the DSCC Chief.

(5) On January 29, 2013, at USP-Lewisburg, Plaintiff was issued a Code 203 Incident Report for Disruption, Most like Extortion based on fabricated evidence and sanctioned.

(6) While at USP-Lewisburg, Plaintiff was allegedly exposed to toxic chemicals causing resultant eye irritation, exacerbation of glaucoma, choking and sneezing.

(Doc. 5, at 3-8).

Currently pending before the Court is Plaintiff's motion to transfer the above captioned action back to the United States District Court for the Eastern District of Pennsylvania, (Doc. 45) and Defendants' motion to sever and transfer claim numbers one through four to the United States District Court for the Middle District of Florida. (Doc. 47). For the following reasons, the Court will deny Plaintiff's motion to transfer the action back to the United States District Court for the Eastern District of Pennsylvania and grant Defendants' motion to sever and transfer claims one through four to the

United States District Court for the Middle District of Florida.

## II. **Discussion**

Fed.R.Civ.P. 20(a) sets forth the proper test for determining whether parties are properly joined in an action. In pertinent part, the Rule provides:

> (a) Permissive Joinder. All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or **arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action**. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed.R.Civ.P. 20(a)(emphasis added). Courts have broad discretion in applying Rule 20 to reduce inconvenience delay, and added expense to the parties and to the court, and to promote judicial economy. 7 Charles Alan Wright et al., Federal Practice and Procedure §1653 at 410-12 (3d ed. 2001). Moreover, the court may sever any claim against a party, either in response to a motion or *sua sponte*, and then proceed with each separately. See Fed.R.Civ.P. 21.

The Plaintiff's complaint includes a host of unrelated claims spanning a period of months and years and involves many individuals. Plaintiff does not

allege that these claims arose out of the same transaction or occurrence or series of transactions or occurrences. Moreover, it does not appear that Plaintiff's various claims involve an issue of law or fact common to all Defendants. Finally, it appears that the Court has personal jurisdiction over only nine of the twenty-five named Defendants, as they are either Pennsylvania residents, or have had continuous and systemic contact with Pennsylvania, the forum state. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Saudi v. Acomarit Maritimes Services, S.A., 114 Fed.Appx. 449, 452 (3d Cir. 2004).

Pursuant to 28 U.S.C. §1404(a), the United States Court of Appeals for the Third Circuit has held that where a case could have been brought against some defendants in the transferee district, the claims against those defendants may be severed and transferred while the claims against the remaining defendants, for whom transfer would not be proper, are retained. White v. ABCO Eng'g Corp., 199 F.3d 140, 144 (3d Cir. 1999) ("Nothing within §1404 prohibits a court from severing claims against some defendants from those against others and transferring the severed claims."); see also D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 110 (3d Cir. 2009). Accordingly, the Court will grant Defendants' motion to

6

sever and transfer Plaintiff's claims one through four, to the United States District Court for the Middle District of Florida[3], as the Middle District of Florida is the proper venue[4] for these claims. Venue for the remaining claims, five through six, lies within the Middle District, as that is the judicial district in which a substantial part of the alleged events giving rise to the claims occurred.[5] Because none of the named Defendants, nor events complained of, occurred in the United States District Court for the Eastern District of Pennsylvania, Plaintiff's motion to transfer the above captioned action to the Eastern District will be denied. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 29, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1417-01.wpd

---

[3]The Court notes that claims raised against those Defendants located in Washington D.C. and/or the Central Office are encompassed in Plaintiff's claims one through four, and will be transferred to the United States District Court for the Middle District of Florida. Determination of personal jurisdiction over those Defendants shall lie with the transferee court.

[4] A plaintiff may bring a civil action in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. §1391(b)(2).

[5]A fully briefed dispositive motion directed at these claims has already been filed by the Defendants. (See Docs. 49, 51, 52, 63).